IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES E. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1171-NJR |
| | ) | |
| KENNETH R. PORTER, JOHN DOE #2, and KIMBERLY BUTLER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). On September 23, 2021, this case was severed from *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM, a case which had previously been severed from *Walker v. Unknown Party, et al.*, Case No. 15-cv-786-MAB (Doc. 126). It involves the claims in Walker's Third Amended Complaint labeled as Counts 8 and 9:

    Count 8:    First Amendment claim against Porter, John Doe #2, and Butler for moving Walker to a smaller cell with unsanitary living conditions in December 2014 in retaliation for filing grievances and lawsuits.

    Count 9:    Eighth Amendment claim for cruel and unusual punishment against Porter and John Doe #2 for placing Walker in a shower for hours without a working restroom on December 4, 2014.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Walker makes the following allegations with respect to Counts 8 and 9, as set forth in the September 23, 2021, Memorandum and Order (Doc. 1) and Complaint (Doc. 2): On December 4, 2014, Walker was moved by Porter to North 2 cellhouse (Doc. 1, p. 5; Doc. 2, p. 21). He was held in a small shower room for hours. The shower was not functional, and he did not have access to a toilet (Doc. 1, p. 5). At around 10:45 a.m., he informed John Doe #2 that he needed to use the bathroom, but he was ignored (*Id*.). He was then taken to cell 353 around 1:00 p.m. by John Doe #2. His new cell in North 2 was significantly smaller than his previous cell and did not have a desk, stool, or shelf. The mattress and pillow both smelled of urine. Walker believes that he was assigned to smaller and unsanitary living conditions by Butler in retaliation for filing grievances and attempting to obtain a restraining order against Menard staff (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court renumbers the counts in this case as follows:

>Count 1: First Amendment claim against Porter, John Doe #2, and Butler for moving Walker to a smaller cell with unsanitary living conditions in December 2014 in retaliation for filing grievances and lawsuits.
>
>Count 2: Eighth Amendment claim for cruel and unusual punishment against Porter and John Doe #2 for placing Walker in a shower for hours without a working restroom on December 4, 2014.

In addition to the original claims identified in the Memorandum and Order dated September 23, 2021, the Court identifies the following additional count:

>Count 3: Eighth Amendment claim for cruel and unusual punishment against Butler for placing Walker in a smaller cell with unsanitary living conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

As to Walker's Count 1 retaliation claim against Porter, John Doe #2, and Butler, the claim will proceed only as to Butler. There is no indication in the original Complaint (Doc. 2) that Porter and John Doe #2 were aware of Walker's grievances or that they acted out of retaliation (*Id*. at p. 22). The Complaint only indicates that Butler was aware of the grievances because she denied them and that she moved him to a smaller cell with

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

unsanitary conditions (*Id.*). Porter and John Doe #2 are **DISMISSED** from Count 1 without prejudice. In addition to the retaliation claim, the Court finds that Walker also states an Eighth Amendment conditions of confinement claim against Butler for the conditions Walker faced in cell 353. The Court will label this claim as Count 3.

As to Walker's Count 2 conditions of confinement claim against Porter and John Doe #2 for placing Walker in a shower without a working restroom, this Count will proceed at this time. To help identify John Doe #2, the Court **ADDS** Anthony Wills, the current warden of Menard, in his official capacity only for the sole purpose of responding to discovery regarding John Doe #2. Anthony Wills is not required to file an Answer to the Complaint and will be provided with further instructions for identifying John Doe #2 once the identified parties have entered their appearance and filed an Answer.

On a final note, the Court notes that Walker's allegations arose in 2014. As such, there might be an issue with the statute of limitations. The statute of limitations for Section 1983 cases is two years. *See Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for [Section] 1983 claims is two years, 735 ILCS 5/13-201"). But this case was severed from a case which was initially severed from a case filed in 2015. *See Walker v. Unknown Party, et al.*, Case No. 15-cv-786-MAB (Doc. 126). Because it is not clear from the face of Walker's Complaint that his claims were filed outside of the statute of limitations, the Court will allow the claims to proceed at this time.

**Disposition**

For the reasons stated above, Counts 1 and 3 shall proceed against Kimberly Butler. Count 2 shall proceed against Kenneth Porter and John Doe #2. Anthony Wills (official capacity only) is **ADDED** to the case for the sole purpose of responding to discovery to identify John Doe #2.

The Clerk of Court shall prepare for Defendants Kimberly Butler, Kenneth Porter, and Anthony Wills (official capacity only):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Walker. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, Walker will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 14, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**