IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. WALKER,

                    Plaintiff,

v.                                                    Case No. 21-cv-1171-NJR

KENNETH PORTER, KIMBERLY
BUTLER, and C/O EPPLIN,

                    Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. Specifically, Walker alleges retaliation and unconstitutional conditions of confinement claims against Defendants for living conditions he experienced in December 2014 (Doc. 16).

This matter is now before the Court on a motion to dismiss filed by Defendants Kimberly Butler, Reggie Epplin, and Kenneth Porter (Doc. 34). Defendants argue that Walker's claims are barred by the statute of limitations. Walker filed a response in opposition to the motion (Doc. 35).

### BACKGROUND

This case has a long and complicated history. It is also procedurally unique in the

path it took to reach this point.[1]

### A. *Walker v. Unknown Party, et al.*, **Case No. 15-cv-786-MAB (S.D. Ill.) (filed July 16, 2015).**

Originally, Walker filed a lawsuit in this district on July 16, 2015. *Walker v. Unknown Party, et al.*, Case No. 15-cv-786-MAB (S.D. Ill.). Walker was twice ordered to amend his pleadings because the Complaint violated Federal Rule of Civil Procedure 20 due to the Complaint containing too many unrelated claims and parties (*See* Case No. 15-cv-786, Docs. 7, 11). On October 22, 2015, he filed a First Amended Complaint (Doc. 15) and then subsequently submitted six proposed complaints for review (Doc. 16). The batch of complaints still raised Rule 20 problems (Doc. 17, p. 2), and Walker was assigned counsel. Assigned counsel was directed to file both a second amended complaint in the pending case and any further proposed complaints that Walker wished to file (*Id.* at pp. 4-5). On February 26, 2016, Walker filed a Second Amended Complaint (Doc. 34). Three claims were allowed to proceed concerning medical care, grievances, and retaliation from 2013 through March 2015 (Doc. 35). The case ultimately settled on September 6, 2018 (Doc. 116).

On April 23, 2019, Magistrate Judge Mark Beatty entered an order in Case No. 15-cv-786 regarding additional proposed complaints that had previously been submitted in the case (Doc. 126). Magistrate Judge Beatty noted that when counsel submitted the

---

[1] The complicated history of Walker's cases has been documented in other Orders from this district. *See Walker v. Thompson*, Case No. 21-cv-1173-SPM, Doc. 17 (S.D. Ill. June 13, 2022); *Walker v. Butler*, Case No. 21-cv-1174-DWD, Doc. 15 (S.D. Ill. Mar. 28, 2022); *Walker v. Jones*, Case No. 19-cv-445-SPM, Doc. 140 (S.D. Ill. Sept. 30, 2022).

Second Amended Complaint he also tendered, by email, three additional proposed complaints to be filed and severed into separate cases (Doc. 126, p. 2). For some unknown reason, the proposed complaints were overlooked and never filed as separate actions. Magistrate Judge Beatty severed the misplaced complaints into new actions. One of the severed cases was *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM (S.D. Ill.).

**B. *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM (S.D. Ill.) (severed from Case No. 15-876-MAB on April 24, 2019).**

On May 14, 2019, Walker confirmed his desire to proceed with Case No. 19-cv-445. (*See* Case No. 19-cv-445, Doc. 5). The Complaint in that case focused on inadequacies in the grievance process and a retaliatory cell transfer for filing grievances (Doc. 9, p. 2). The Complaint alleged that, among other inadequacies, he made requests to access the law library for copies in December 2014 but his requests were ignored by Bramlet, Knust, and Butler (Doc. 2, p. 5). Further, the cell conditions impeded his ability to prepare legal documents because he did not have a desk, the cells were too small and not lit well enough to prepare grievances (*Id.*). He also alleged that he was transferred from a larger cell in East Cell house to a smaller cell in North Two in retaliation for his grievances (*Id.*). He blamed Kim Butler, A. Johnson, and Y. Joseph for the retaliatory transfer (*Id.*).

The Court dismissed the Complaint and granted leave to submit an amended pleading (Doc. 9, pp. 9-10). On August 23, 2019, Walker filed a First Amended Complaint (Doc. 13). This pleading alleged that in December 2014 he was moved to North Two by John Doe #3. He believed the move was in retaliation for seeking a restraining order and writing grievances (*Id.* at p. 22). He alleged the living conditions changed substantially in

that the cell was smaller and had no desk, stool, or shelf for his television and fan (*Id.*). He also alleged that prior to the placement in the smaller cell, he spent several hours in the shower. He believed the transfer was an act of retaliation by Butler and John Doe #3 (*Id.*).

Before the Court reviewed the First Amended Complaint, Walker sought leave to file a Second Amended Complaint (Doc. 21). The Court granted the motion, and Walker was allowed to proceed on the Second Amended Complaint (Doc. 22). The Second Amended Complaint included the claims regarding Walker's December 2014 transfer, including being placed in the shower for hours (Doc. 22, p. 22). In conducting its initial review, the Court identified 17 distinct counts (Docs. 21, 22). Included among those counts was a retaliation claim against a John Doe and Kim Butler for transferring Walker to a smaller cell in December 2014 (Count 12). The Order did not address or identify a separate count for Walker's time in the shower, but the Second Amended Complaint stated that Walker was "placed in a shower for hours and in a smaller cell" (Doc. 22, p. 22).

Walker sought and was granted leave to amend his complaint once again (Docs. 76, 102), and his Third Amended Complaint was filed on September 23, 2021 (Doc. 103). In this new pleading, Walker alleged that on December 4, 2014, he was transferred out of the East Cellhouse by Porter and held in a small shower on three gallery for hours before being ordered to another cell by John Doe #2 (Doc. 103, p. 21). The shower was non-functional, and Walker was unable to use the restroom for several hours (*Id.*; Doc. 102, p. 5).

The Court identified 16 counts in this new pleading, including a First Amendment claim against Porter, John Doe #2, and Butler for moving Walker to a small cell in December 2014 (Count 8) and an Eighth Amendment conditions of confinement claim against Porter and John Doe #2 for being placed in a shower for hours without a working restroom (Count 9). On September 22, 2021, the Court reviewed the counts and severed a number of the counts into additional lawsuits. Walker's claims regarding his December 2014 transfer were severed into the current case.

**C.** *Walker v. Kenneth R. Porter, Kimberly Butler, and C/O Epplin*, **Case No. 21-1171-NJR (current case).**

On September 23, 2021, Counts 8 and 9 were opened as a newly severed case (Docs. 1 and 2). Walker confirmed his desire to proceed with the severed claims a month later (Doc. 9). In conducting its threshold review of the severed counts, the Court identified an additional conditions of confinement claim for his placement in the smaller cell (*see* Doc. 16, p. 3). The counts were re-numbered, and Walker was allowed to proceed on the following three counts:

Count 1:     First Amendment claim against Butler for moving Walker to a smaller cell with unsanitary living conditions in December 2014 in retaliation for filing grievances and lawsuits.

Count 2:     Eighth Amendment claim for cruel and unusual punishment against Porter and John Doe #2 for placing Walker in a shower for hours without a working restroom on December 4, 2014.

Count 3:     Eighth Amendment claim for cruel and unusual punishment against Butler for placing Walker in a smaller cell with unsanitary living conditions.

(Doc. 16, p. 3). To the extent Walker also raised a retaliation claim in Count 1 against

Page 5 of 14

Porter and John Doe #2, the claim was dismissed (*Id*.).

On January 6, 2022, Walker identified John Doe #2 as Nathan McCarthy (Docs. 20, 21). Walker later substituted Epplin in place of McCarthy as the proper defendant (Docs. 29, 30).

### D. Motion to Dismiss

Defendants move to dismiss the claims against them as barred by the statute of limitations. In general, Defendants argue that Walker did not file the pleading which ultimately led to the claims in this case until February 2016 when he submitted his various amended complaints to the Court. *See Walker v. Butler*, Case No. 19-cv-445-SPM (Doc. 1, p. 2) (noting that in February 2016 the Court received three additional proposed complaints along with the operative complaint in Case No. 15-cv-786-MAB). Defendants argue that because the allegations which make up the claims in this case took place in December 2014 and the complaint was not submitted to the Court until February 2016, the pleading was submitted after the expiration of the statute of limitations. Thus, Defendants argue that all of the claims raised in this case should be dismissed.

In the alternative, Defendants Epplin and Porter argue that the portions of the pleadings alleging they placed Walker in a shower for hours were filed well after the statute of limitations ran. Porter was not identified until Walker filed his Third Amended Complaint in *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM (Doc. 103, p. 21). Epplin was identified in the Third Amended Complaint as John Doe #2 (*Id*.) and not identified until Walker sought substitution in the present case on February 17, 2022 (Docs. 29, 30). Defendants argue the claims against them were not added until well after the expiration

of the statute of limitations. Defendants concede that if the original February 2016 Complaint is deemed to be filed within the allowed timeframe then the claim against Butler in Count 1 is timely. Butler argues, however, that Count 3 against her should be dismissed because the same exact count is pending in *Walker v. Godinez, et al.*, Case No. 19-cv-447-SMY (S.D. Ill.).

In response, Walker acknowledges the procedural background of this case (Doc. 35). Walker argues that the claims should not be barred by the statute of limitations because it was the Court's fault for overlooking his initial filing, which formed the basis of Case No. 19-cv-445-SPM, for four years. As a result of the Court's alleged error, Walker argues that the Court should reset the statute of limitations, causing it to start running at the time the pleadings were discovered and the severed Complaint was filed on August 24, 2019 (Case No. 19-cv-445-SPM, Docs. 1, 2). Walker argues that during the time the pleadings sat in the Court's files, he was not able to amend them or seek any action on them. In essence, he suggests that no statute of limitations should apply in this case due to the filing error, an error that judges in this district have acknowledged was a court error (Doc. 35, p. 7).

## LEGAL STANDARDS

### A. Motion to Dismiss Standard

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(6). At the pleading

stage, however, a court must take the factual allegations of a plaintiff's complaint as true, therefore all reasonable inferences will be drawn in favor of Walker. *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013) (citing *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013)). The motion to dismiss will be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

## B.  Statute of Limitations under 42 U.S.C. § 1983

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The applicable statute of limitations in Illinois is two years. *Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). Federal law, however, determines the date of accrual for calculating the two-year period. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Id*. Federal courts also borrow the forum state's principles of tolling (suspension) of a statute of limitations. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992). Illinois requires tolling where "the commencement of an action is stayed by an injunction, order of the court, or statutory prohibition." 735 ILCS 5/13-216.

Also relevant to the possible tolling of the two-year statute of limitations is the federal statute prohibiting the filing of a claim in court before a prisoner's complaint is fully reviewed through the prison grievance procedure. The Prisoner Litigation Reform

Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under federal law] by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, claims that have not been taken through a full round of administrative review cannot be brought to court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). But when an inmate goes through the proper grievance procedures and does not receive any response, the administrative procedures are no longer available. *Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008). When this happens, it is proper for the prisoner to file a complaint with the court. The Seventh Circuit has stated that federal courts must toll the statute of limitations period while an inmate is exhausting his administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The tolling period starts when the prisoner files his grievance and ends when the administrative review process is over. *Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007).

### C.  Relation Back under Rule 15(c)

When a plaintiff seeks to add a new claim or a new defendant to a lawsuit in an amended complaint after the statute of limitations has expired, the court must decide whether the amended pleading "relates back" to the date of the original pleading in the case. Fed. R. Civ. P. 15(c). If the relation-back criteria are not met, the claim or defendant should be dismissed. In the case of a newly-asserted claim, it must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Rule 15(c)(1)(C) governs where the amended pleading proposes to add a new party or change the name of a party. In that situation, the court makes two inquiries:

> [W]hether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were."

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011) (quoting *Rendall–Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997), and citing *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)); *see also Rodriguez v. McCloughen*, 49 F. 4th 1120, 1121 (7th Cir. Sept. 28, 2022) (substitution of Doe defendant must be made before the statute of limitations expires). Notably, the naming of a "John Doe" defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii); it is a conscious choice made by a plaintiff based on inadequate knowledge. *Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1414 (2022)

## ANALYSIS

The earliest filing which contains some, but not all, of the allegations that make up this case was filed as one of the "misplaced" pleadings, which were submitted by assigned counsel on February 26, 2016. The Court has reviewed the pleadings submitted by Walker prior to being assigned counsel in Case No. 15-cv-786 (Docs. 1 and 15) and was unable to locate any allegations relevant to the claims in this case.[2]

---

[2] Walker did file a First Amended Complaint (Doc. 8) and a Motion for Leave to file Proposed Complaints (Doc. 10) which were subsequently stricken from the record (Doc. 11). His motion (Doc. 10) alleged that on December 4, 2014, an unknown defendant ordered Walker to pack his property for transfer to North Two cellhouse (*Id*. at p. 1). During the transfer, he was placed in a

### A. Kim Butler

Walker's assigned counsel filed his Second Amended Complaint, as well as submitted the proposed additional pleadings, on February 26, 2016 (Case No. 15-cv-786, Docs. 33-34). Defendants concede that the original Complaint which formed the basis of *Walker v. Butler*, Case No. 19-cv-445-SPM, should be deemed timely filed as of February 26, 2016. In that pleading, Walker alleged that he was impeded from preparing legal documents due to the conditions of his cell; the cells did not have a desk and were too small and not lit well enough to prepare grievances and legal papers (*See* Case No. 19-cv-445-SPM, Doc. 2, p. 5). The conditions were endorsed by, among other individuals, Kim Butler. Walker also alleged that he was transferred to North Two in apparent retaliation by Butler (*Id.*).

The allegations as to Butler were clearly filed within the statute of limitations. Defendants argue that the initial pleading, deemed filed on February 26, 2016, was filed two months past the applicable two-year statute of limitations, but that is incorrect. The two-year statute of limitations on the December 2014 allegations did not expire until December 2016, or even later—given that the statute of limitations is tolled during the exhaustion process.[3] *Johnson*, 272 F.3d at 522; *Hatch*, 230 F. App'x at 599. The February

---

small shower room for three to four hours (*Id.* at p. 2). The motion referred only to unknown defendants. A subsequent First Amended Complaint (Doc. 15) also brought up his transfer on December 4, 2014, but mentioned only John Does generically ("one through twenty Defendants" and a "Jo[h]n Doe twenty one") (Doc. 15, pp. 5-6). There were no allegations indicating that Butler initiated the transfer out of retaliation or placed him in a cell with unconstitutional conditions during that time period. Walker acknowledges that the allegations in his original filings (1 and 15) did not contain allegations against Porter or McCarthy (Case No. 21-cv-1171, Doc. 35, p. 3).

[3] Walker attached a December 7, 2014, grievance to his Third Amended Complaint (Doc. 2-1, pp. 22-27). Although it appears to have been received by the grievance office on February 20,

26, 2016, pleading was filed well within the statute of limitations. Further, that pleading included claims against Butler for both retaliation and the conditions of Walker's cell. Thus, the pleading which established the claims in this case was timely filed.

Butler also argues that the claims against her should be limited to allegations that she placed him in a smaller cell with no desk, noting that allegations regarding additional conditions of the cell did not appear until the Third Amended Complaint. The original Complaint included allegations that Butler ordered his placement in a cell with unconstitutional conditions, including that the cell was too small, lacked a desk, and had inadequate lighting. He later fleshed out those conditions in amended pleadings, indicating that the cell was smaller, lacked a desk, stool, shelf, and was unsanitary (Docs. 13, 22, 103). Although those specific conditions do not appear in the February 2016 Complaint, they clearly arise out of the same placement in the cell alleged in that original Complaint. As such, the claim clearly relates back to the original February 2016 Complaint against Butler for conditions of confinement. *See* Fed. R. Civ. P. 15(c)(1). Finally, Butler argues that the claims against her are already proceeding in Case No. 19-cv-447-SMY. But without further briefing on the specifics of the claims in the pending case, the Court cannot say at this time that these specific allegations are duplicative. The motion to dismiss is **DENIED** as to Kim Butler.

### B. Reggie Epplin and Kenneth Porter

Although allegations against Butler were included in Walker's February 2016

---

2015, it is not clear if the grievance office returned the grievance and/or if Walker pursued the grievance to the Administrative Review Board ("ARB") (*Id.* at p. 22).

pleading, there are no such allegations against Epplin and Porter for the December 2014 shower placement. The first time the allegations appeared in Case No. 19-cv-445-SPM was with Walker's First Amended Complaint which alleged John Doe #3 transferred him and that during the transfer he spent hours in a shower (Doc. 13, p. 22). The First Amended Complaint was filed on August 23, 2019. On December 13, 2019, Walker submitted a Second Amended Complaint which similarly alleged John Doe #3 placed him in a shower for hours (Doc. 22, p. 22). Walker's Third Amended Complaint, filed September 23, 2021, for the first time identified Porter as the John Doe defendant who moved Walker from the cellhouse to the shower (Doc. 103, p. 21). Walker also identified a John Doe #2 as another officer involved in his placement in the shower (*Id.*). John Doe #2 remained unidentified through the severance of the claims into this case. Because the initial pleading did not include this claim regarding the shower in any form, the shower claim in the amended pleadings does not relate back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B), (C).

To save his claims against Epplin and Porter, Walker argues that any delay was caused by the Court overlooking the proposed pleading. Walker argues that the statute of limitations should be "regenerate[d]"—in essence reset—to the date that the pleading was actually filed, April 24, 2019. He also argues that he could not amend the pleading until his pleading was on file because the pleading had been filed by counsel.

Walker provides no legal basis for this argument. The Court acknowledges that the proposed pleadings were misplaced, but the statute of limitations is not re-set by the Court's directive to file the pleading. Nor would extending the timeline for the claims to

relate back to the original Complaint save Walker. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1122-23 (7th Cir. 2022) ("delay caused by screening under Section 1915A is 'good cause' for belated service, which increases the time for relation back"). The original pleading did not contain any allegations regarding his placement in a shower, nor did it identify Epplin or Porter (*See* Case No. 19-cv-445-SPM, Doc. 2). Walker only raised the shower allegations for the first time in his First and Second Amended Complaint and then only identified the defendants as John Does. It was not until his Third Amended Complaint, filed September 31, 2021, when he finally identified Porter (Docs. 102 and 103). Thus, it was not until over two years after the initial filing of Case No. 19-cv-445-SPM that Walker identified Porter. He did not identify Epplin until much later. Even the most generous of tolling computations would not spare Walker's claims from dismissal. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii); *Herrera*, 8 F.4th at 489-99. Thus, the claims regarding his placement in the shower were not timely filed and Count 2 shall be **DISMISSED**.

### CONCLUSION

For the reasons set forth above, the motion to dismiss (Doc. 34) is **GRANTED in part and DENIED in part**. Defendants Epplin and Porter are **DISMISSED** from the action. Counts 1 and 3 against Kim Butler shall proceed.

IT IS SO ORDERED.

DATED:   **January 25, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**