IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES WALKER,

           Plaintiff,

v.

KIMBERLY BUTLER,

           Defendant.

Case No. 21-cv-1171-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). Walker alleges retaliation and unconstitutional conditions of confinement claims for living conditions he experienced in December 2014 (Doc. 16). His claims against Reggie Epplin and Kenneth Porter were dismissed as barred by the statute of limitations (Doc. 36). The only remaining claims are against Kimberly Butler.

This matter is before the Court on Walker's motion to reconsider (Doc. 40). Walker seeks reconsideration of the Order dismissing the claims against Epplin and Porter (Doc. 36).

### BACKGROUND

This case has a long and complicated history, as documented by the Court's prior

Order dismissing the claims against Epplin and Porter for being barred by the statute of limitations (*See* Doc. 36, pp. 2-6). Walker's claims stem from a lawsuit filed in this district on July 16, 2015. *Walker v. Unknown Party, et al.*, Case No. 15-cv-786-MAB (S.D. Ill.). Proposed amending pleadings filed by assigned counsel in that case were eventually filed as new cases on April 24, 2019, including *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM (S.D. Ill.). After several amended complaints, the claims that make up the current lawsuit were severed from Case No. 19-cv-445-SPM on September 22, 2021, and opened as a new case the next day (Docs 1 and 2).

Reggie Epplin (originally identified as John Doe #2 and later as Nathan McCarthy) and Kenneth Porter sought dismissal of the claims against them on the basis that the claims were barred by the statute of limitations (Doc. 34). Walker argued that the time during which the original pleading that became Case No. 19-cv-445-SPM sat in the Court's proposed documents file should not count towards the statute of limitations because he was unable to amend his pleading or take any action to identify unknown individuals during that time. The Court found that the first time Walker identified Porter was in his Third Amended Complaint in Case No. 19-cv-445-SPM. Epplin was not identified as a named defendant until 2022.

As to Walker's request to reset the statute of limitations deadline, the Court found that the request, even if there was a legal basis for such a request, would not save Walker's claims because he failed to identify Epplin or Porter in the original claims.

In his motion to reconsider, Walker argues that the Court was mistaken as to when his claims regarding being placed in a smaller cell and a shower without a toilet in

December 2014 were identified in a pleading. Walker argues that he did include those allegations in a proposed pleading filed on September 14, 2015 (Case No. 15-cv-786-MAB, Doc. 10). He further alleges that his First Amended Complaint, submitted October 22, 2015, contained allegations that on December 4, 2014, John Does 1-20 moved him into a cell with inhumane living conditions and placed him in a shower for three to four hours without access to a bathroom, and John Doe 21 ignored his request to use the restroom (Case No. 15-786-MAB, Doc. 15). Walker argues that his assigned counsel failed to include those allegations in later filings, but that his claims should relate back to the September and October 2015 pleadings.

Walker further argues that his Third Amended Complaint in Case No. 19-cv-445-SPM was actually submitted on September 17, 2020, and thus should be considered filed on that date, rather than on September 23, 2021, when it was actually filed by the Court. He argues that if the Court considered his allegations as filed on September 17, 2020, they should be deemed filed within the two-year statute of limitations of the Complaint in Case No. 19-cv-445-SPM dated April 24, 2019.

## LEGAL STANDARDS

Walker's motion to reconsider is automatically considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v.*

*City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach- that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The Court entered the Order dismissing Epplin and Porter on January 25, 2023. Walker filed his motion to reconsider on March 6, 2023, which is approximately 40 days after the Court's Order. Thus, his motion is construed automatically as a Rule 60(b) motion. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.,* 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

## ANALYSIS

Simply put, Walker fails to meet the standard for a motion to reconsider. To the

extent that Walker argues that he raised allegations regarding his conditions of his cell and the shower in which he was housed in filings in Case No. 15-cv-786-MAB, the Court already considered those filings. The Court noted that a proposed Complaint which included allegations regarding Walker's placement in the shower and the conditions of his cell was filed but ultimately stricken from the Court (Doc. 36, p. 10 n.2). The Court further acknowledged the First Amended Complaint similarly included allegations regarding the transfer on December 4, 2014, but referred to John Does generically. Because Walker only referred to generic John Does, it was not a mistake for relation back purposes. *See Rodriguez v. McCloughen*, 49 F.3d 1120, 1121 (7th Cir. 2022) (substitution of Doe defendants must be made before the statute of limitations expires); *Herrera v. Cleveland*, 8 F. 4th 493, 498 (7th Cir. 2021) (Naming a John Doe defendant is not a mistake under Rule 15(c)(1)(C)(ii)).

As to Walker's Third Amended Complaint filed in Case No. 19-cv-445-SPM, the Court acknowledges that the pleading was filed on September 17, 2020, when Walker filed his motion for leave to amend (Case No. 19-cv-445-SPM, Doc. 76). The Court mistakenly stated that the Third Amended Complaint was filed on September 23, 2021, when the Court actually directed the pleading to be filed (Case No. 19-cv-445-SPM, Doc. 103). But even considering the earlier filing, the first time that allegations were tied to a named individual, Kenneth Porter, was well after the expiration of the statute of limitations. Although Walker is correct that he submitted his Third Amended Complaint within two years of the filing of Case No. 19-cv-445-SPM, the Court rejected Walker's claims that the statute of limitations should be regenerated and restart as of April 24,

2019, when his Complaint was filed in Case No. 19-cv-445-SPM (*See* Doc. 36, pp. 13-14). And, as noted by other Courts in this district in Walker's other severed cases, "[e]ven allowing [Walker] a generous amount of time to exhaust administrative remedies, his September 2020 amended complaint was outside of Illinois' two-year statute of limitations applicable in Section 1983 cases." *Walker v. Smith*, Case No. 21-cv-1172-SPM, Doc. 15 (S.D. Ill. June 8, 2022); *Walker v. Butler*, Case No. 21-cv-1174-DWD, Doc. 15 (S.D. Ill. Mar. 28, 2022); *Walker v. Thompson*, Case No. 21-cv-1173-SPM, Doc. 17 (S.D. Ill. June 13, 2022). Thus, his claims against Porter and Epplin were properly dismissed.

## Conclusion

For the reasons stated above, Walker's motion to reconsider (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 10, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**