IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | |
| Plaintiff, | |
| v. | Case No. 3:21-CV-1171-NJR |
| KIMBERLY BUTLER, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James E. Walker, an inmate in the Illinois Department of Corrections, filed this lawsuit in September 2021 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. (Doc. 2). The Court granted summary judgment for the remaining Defendant, Kimberly Butler, on April 4, 2025. (Doc. 71). Judgment was entered the same day. (Doc. 72).

Now pending before the Court is the Bill of Costs filed by Defendants on April 11, 2025, seeking a total of $593.34 for court reporter costs associated with taking Plaintiff's deposition. (Doc. 73). Walker filed a timely objection to the Bill of Costs. (Doc. 75). Walker asserts that he is incapable of paying the costs, as he has only $266.47 in his trust fund account and is obligated to pay $575 in a pending Northern District of Illinois case. (*Id.*). He further argues that he is indigent and he acted in good faith in this case, as demonstrated by the Court's observation that this case was "a close call." (*Id.*). For these reasons, he asks that Defendants' Bill of Costs be denied.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

Denying costs may be warranted if the losing party is indigent. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Here, Walker was granted *pauper* status when this action commenced (Doc. 15), and he has been continuously incarcerated throughout the course of this litigation. Walker also has provided his Trust Fund Statement from Sheridan Correctional Center showing that he had only $266.47 in available funds on April 10, 2025. For these reasons, the Court finds that Walker is incapable of paying Defendants' costs at this time. Furthermore, given his expected release date of September 11, 2047,[1] the Court finds that

---

[1] *See* IDOC Inmate Locator, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Apr. 29, 2025).

Walker is incapable of paying the costs at any time in the near future.

Turning to the amount of the costs, Defendants seek a total of $593.34. That sum, while not excessive, is substantial to a prisoner proceeding *in forma pauperis*. Furthermore, Walker filed this case in good faith as evidenced by its resolution on summary judgment and the Court's observation that it was "a close call."

For these reasons, the Court finds that Defendants' Bills of Costs should be denied. Plaintiff James E. Walker's objection (Doc. 75) is **SUSTAINED**. Defendants' Bill of Costs (Doc. 73) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** April 29, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**